UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELINO HEREDIA,

        Petitioner,

v.                                                  Case No. 11-C-213

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

On February 25, 2011, Marcelino Heredia filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He argues that his plea is invalid because his attorney was ineffective. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner acknowledges that his plea agreement contained an appeal and § 2255 waiver clause. But that waiver had an exception for claims of ineffective assistance of counsel, so the motion to vacate does not run afoul of the § 2255 waiver.

Petitioner's arguments go to the voluntariness of the plea agreement he signed. He argues that his counsel was ineffective because he failed to undertake any serious investigation of his case

or interview witnesses, etc. Instead, from the beginning of the case counsel urged Petitioner to plead guilty. Petitioner believes evidence exists that would have allowed a self-defense strategy to be successful at trial. In particular, he notes that the victim was a large man who was on alcohol and drugs at the time of the altercation. His counsel's failure to investigate that angle, despite Petitioner's repeated entreaties, forced Petitioner to acquiesce and plead guilty.

Although it is difficult to imagine that Petitioner's counsel essentially railroaded him into pleading guilty, I cannot make such a determination on the limited record before me. Accordingly, the government is directed to respond to the Petitioner's argument that his plea was invalid due to ineffective assistance, as well as the impact of Petitioner's plea colloquy indicating that his plea was voluntary and that he was satisfied with counsel's representation. The government's response will be due April 8, 2011, and any reply by the Petitioner will be due April 29, 2011. Upon review of the filings, the court will determine whether relief may be justified or whether a hearing may be warranted.

**SO ORDERED** this   1   day of March, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge