UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELINO HEREDIA,

    Petitioner,

v.                                      Case No. 11-C-213

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**

    Petitioner filed this § 2255 action asserting that his trial counsel was ineffective. This Court ordered the government to respond to the petition and address its timeliness. Petitioner was sentenced on March 11, 2009 and judgment was entered the following day. No appeal was filed (likely due to an appeal waiver in the plea agreement). Under 28 U.S.C. § 2255(f)(1), the only applicable section, a § 2255 motion had to be filed within one year of the date of judgment. Petitioner concedes that the present petition, which was filed in February 2011, was roughly eleven months too late.

    Petitioner asserts that immediately following his plea he believed an appeal was filed on his behalf, and this misunderstanding led him to sleep on his rights. He was then unable to get his files from his attorney until July 2009. He also asserts that he was incarcerated in a special housing unit between April and August 2010, which prevented him from filing his papers until August 2010. He claims he filed a § 2255 motion in August 2010, and he asserts that he wrote follow-up letters to the Green Bay clerks' office but received no response. It was not until he wrote to the Milwaukee

office in February 2011 that he was informed that his August 2010 § 2255 motion was never filed. He then filed this action soon after. In his reply, he asserts that the time between his March sentencing and July 2009 (four months) and the time he was in the special housing unit (April through August 2010, another four months) should be excluded from the one-year tolling period. If those periods are excluded, and if this Court concludes that he actually did file a § 2255 motion in August 2010, then his petition should be deemed timely.

To successfully toll the statute of limitations, Heredia must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance out of his control prevented timely filing. *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010). Equitable tolling is a judge-made doctrine that is "rarely granted," and then only in extraordinary circumstances. *Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006). For example, an attorney's error in calculating deadlines does not excuse a petitioner's late filing. *Taliani v. Chrans,* 189 F.3d 597 (7th Cir.1999). Thus, even assuming petitioner's counsel erroneously led him to believe an appeal was being filed (something which is belied by petitioner's own filings in this case), the period during which petitioner believed he had an appeal would not be excluded. A vague misunderstanding about the filing of an appeal does not present an "extraordinary circumstance."

The same holds true for petitioner's allegation that he was housed in a special unit for four months. First, such forms of confinement are common in the penal system and cannot be expected to give rise to equitable tolling claims in the countless habeas actions that arise from inmates. Otherwise equitable tolling would become the norm rather than a very rare exception. Indeed, if an inmate has a potential habeas action, it should be incumbent upon him to *avoid* getting into the sort of trouble that might make such a filing more difficult. Moreover, as the United States points

out, it is well-known that inmates in segregated confinement *do* have access to legal materials and are allowed to file court papers. Thus, courts are not inclined to grant equitable tolling for the relatively mundane circumstance petitioner describes here. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (denying equitable tolling based on prisoner's allegation that he was in segregation for 60 days with no access to legal materials).

In sum, if there was ineffective assistance of trial counsel here, petitioner was in a position to know about that at the time he pled guilty and as soon as the judgment was entered. Instead of acting on his claim in a timely fashion, he makes vague assertions about being "led to believe" that an appeal was filed. He then had nine or ten months before entering a special confinement unit, but during that time he filed nothing. This is not the behavior of someone who is pursuing his rights diligently. *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010). Thus, even if this Court believed that he attempted to file this § 2255 in August 2010 (rather than February 2011), his attempted filing was still roughly five months late. Accordingly, the petition will be **DISMISSED**. I further certify that reasonable jurists could not debate the outcome. A certificate of appealability is therefore **DENIED**.

**SO ORDERED** this   25th   day of April, 2011.

   s/ William C. Griesbach
William C. Griesbach
United States District Judge